IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA PRINCE, | ) |
| Plaintiff, | ) 8:05CV308 |
| v. | ) |
| CARING HEARTS CHILD CARE & LEARNING PLACE, LLC, JOHNSON'S CHRISTIAN DAYCARE, INC., GARY L. JOHNSON, and FRANCIS E. JOHNSON, | ) MEMORANDUM AND ORDER |
| Defendants. | ) |

This matter is before the court on plaintiff's motion for default judgment, Filing No. 14, and defendant's motion to dismiss and quash service, Filing No. 19. Plaintiff filed this case alleging gender discrimination and retaliation in violation of 42 U.S.C. § 2000(e) (Title VII). Plaintiff requests over $600,000 in damages.

**Default Judgment - All Defendants Except for Defendant Francis E. Johnson**

Plaintiff moves for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). In her motion, she alleges facts that if true would show discrimination and retaliation against her. On July 18, 2005, all defendants, with the possible exception of Francis E. Johnson, received summons in this case. The defendants executed the summons on August 11, 2005. As of November 2, 2005, the defendants had failed to answer or otherwise plead, and the Clerk of Court entered default. Thereafter, counsel entered an appearance for the defendant Francis E. Johnson. The defendant Frances E. Johnson then moved to dismiss and to quash under Fed. R. Civ. P. 12(b)(1), (2), (4), (5) and (6).

With regard to all defendants except Francis E. Johnson, the court finds that the plaintiff filed her complaint and timely served all defendants. Defendants have failed to answer or otherwise plead. The Clerk of Court has entered default. Accordingly, the court shall enter judgment in favor of the plaintiff and against each of these defendants.

However, with regard to the damages in the amount of $600,000 claimed in the complaint and in plaintiff's affidavit, the court finds that these damages are not for a "sum certain" and accordingly finds that an evidentiary hearing on damages is required. *See KPS & Assoc., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19-20 (1st Cir. 2003); 46 Am. Jur.2d Judgments § 313. The court will conduct such a hearing as set forth herein.

**Defendant Francis E. Johnson**

Francis E. Johnson contends that she did not receive sufficient notice, that the service of process was insufficient, and that plaintiff did not personally effectuate service on her in accordance with Fed. R. Civ. P. 4. She also requests this court dismiss the case for lack of subject matter jurisdiction, personal jurisdiction, and for failure to state a claim. In the alternative she moves to quash the service. The complaint alleges that Francis E. Johnson acted as plaintiff's employer. Filing No. 1, para 3. Although she does not specifically name Francis E. Johnson in the majority of her allegations, plaintiff refers to the defendants collectively in most of her allegations. Plaintiff states that she complained of Gary L. Johnson's actions to "all defendants, each of whom took no action to remedy the same." *Id.*, ¶¶ 13, 14, 15, 16, 21, 22, 24, 25 and 27. These allegations are sufficient to state a claim against the defendants.

With regard to the service of process, the court believes that based on the allegations in the complaint, service may have been proper in this case.[1] However, defendant Francis E. Johnson has signed an affidavit alleging she leases the property to a third party and that she is rarely at the address served by the plaintiff. Plaintiff has failed to file an affidavit or any other evidence contradicting Francis E. Johnson's affidavit. In deciding whether to grant a motion to dismiss, or in the alternative a motion to quash, the court must look to whether there is a reasonable prospect that service can be obtained. *Richardson v. Ingram, Corp.*, 374 F.2d 502 (3rd Cir. 1967); *Grammenos v. Lemos,* 457 F.2d 1067, 1071 (2nd Cir. 1971). The court finds that there is a reasonable prospect of serving Francis E. Johnson. Consequently, the court will permit plaintiff to re-serve defendant Francis E. Johnson, will deny the motion to dismiss, and will grant the motion to quash. Plaintiff has thirty days from the date of this order to serve Francis E. Johnson.

THEREFORE, IT IS ORDERED:

1. The Clerk of Court shall serve a copy of this Memorandum and Order upon all defendants or their counsel of record;

2. An evidentiary hearing in this case will be held on the issue of amount of damages to be awarded against the defendants on **July 13, 2006, at 1:30 p.m.,** Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska;

3. Plaintiff shall serve defendant Francis E. Johnson with a copy of the complaint in this case within thirty days of the date of this Memorandum and Order;

---

[1] The court will assume for purposes of this motion that the plaintiff failed to effectuate service on this defendant. However, should the court later determine that plaintiff effectively served this defendant, the court will entertain a motion for sanctions.

4. Defendant's motion to dismiss, is denied, but the motion to quash, Filing No. 19, is granted; and

5. Plaintiff's motion for default judgment, Filing No. 14, is granted with respect to all defendants except defendant Francis E. Johnson. A separate judgment will be entered at a later date, once the amount of damages has been determined.

DATED this 17th day of April, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge