IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGELA PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV308 |
| | ) | |
| v. | ) | |
| | ) | |
| CARING HEARTS CHILD CARE & | ) | MEMORANDUM AND ORDER |
| LEARNING PLACE, LLC, JOHNSON'S | ) | |
| CHRISTIAN DAYCARE, INC., KIDS | ) | |
| ARK LEARNING CENTER, LLC, and | ) | |
| LIFE CHANGERS ACADEMY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Life Changers Academy's (Life Changers) motion to dismiss the amended complaint, Filing No. 34, and defendant Kids Ark Learning Center's (Kids Ark) motion to dismiss the amended complaint, Filing No. 35, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The original complaint in this case was filed on June 27, 2005. Plaintiff named two day cares, Caring Hearts Child Care (Caring Hearts) and Johnson's Christian Daycare (Johnsons) and two individuals -- Francis Johnson and Gary Johnson, and alleged discrimination in employment in violation of Title VII, 42 U.S.C. § 2000e. The court thereafter dismissed both individuals from the suit. Plaintiff then filed an amended complaint on September 1, 2006, naming the defendants Life Changers and Kids Ark who are bringing this motion to dismiss. The two new defendants contend that this action is barred by (1) statute of limitations, (2) laches, (3) the amended complaint does not relate back to the original complaint, and (4) that neither

defendant is a successor in interest to any of the defendants currently or previously sued in this lawsuit.

**Standard of Review**

*12(b)(6)*

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff. *See, e.g., Brotherhood of Maint. of Way Employees v. BNSF R.R.*, 270 F.3d 637, 638 (8th Cir.2001). A dismissal is not lightly granted. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001). When accepting the facts of the complaint as true, a court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). A dismissal under Rule 12(b)(6) is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999), such as a missing allegation about an element necessary to obtain relief or an affirmative defense or other bar, *Doe v. Hartz*, 134 F.3d 1339, 1341 (8th Cir. 1998). The court does not determine whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of his claim. *Doe v. Norwest Bank*, 909 F. Supp. 668, 670 (D. Minn.1995).

*12(b)(1)*

Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993). A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637, n. 4 (8th Cir. 2003). For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003). In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id*. Because the parties have submitted evidence in support of their respective positions, this case presents a factual jurisdictional challenge. In such a challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990). "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.*

**Discussion**

Defendants first contend that plaintiff must sue within ninety days after receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC). Plaintiff filed the complaint within ninety days, but these defendants were not sued until nearly two years after the right to sue letter issued. Defendants argue that this amendment does not relate back as required under Fed. R. Civ. P. 15(c)(3). Plaintiff asserts that the amended complaint does relate back to the original filing, contending that she was mistaken as to the proper parties, and both of these defendants knew or should have known of the claim from its inception. Plaintiff claims she did not know that Johnson's and Caring Hearts had ceased doing business and resumed doing business as Kids Ark and Life Changers. In support, plaintiff alleges that the original complaint was received by Linda Burks, an employee of the movants; Frances Johnson received notice of the action and the complaint at Kids Ark;  Davida Anderson is Frances Johnson's granddaughter, and she runs Kids Ark and used to work in Johnson's Christian Daycare;  Gale Henderson runs Life Changers and is Frances Johnson's daughter and former employee of the movants. Plaintiff contends that the change from Caring Hearts to Life Changers occurred less than sixty days after Caring Hearts received notice of the complaint in this case. Plaintiff also alleges that the same employees worked at both day cares, the same children attended both day cares, and Frances Johnson continues to operate these facilities. See Filing No. 40, Affidavit of Angela Prince.

Defendants contend that neither defendant is a successor in interest to any of the other defendants in this case. According to defendants, Kids Ark has operated as a daycare at 4411 N. 61st Street since October 1, 2003, while Johnson's Christian operated

as a daycare at that location prior to that time. According to defendants, Kids Ark did not purchase or acquire assets of Johnson's. Defendants further argue that even if, for the sake of argument, Kids Ark is a successor in interest, plaintiff knew or should have known that fact and failed to timely sue Kids Ark. With regard to Life Changers, plaintiff asserts that it is a successor in interest to Caring Hearts. Life Changers began operating as a day care facility at 2717 N. 61st Street on April 1, 2003. Life Changers argues that it is using the same location as Caring Hearts Child Care, but Life Changers did not open until more than a year after Caring Hearts stopped operating its business. Again, Life Changers did not purchase or acquire any assets of Caring Hearts according to the defendants. Filing Nos. 37 and 38. Defendants argue that none of the alleged discriminatory acts took place at either of these businesses, and plaintiff was not employed by either of these businesses. For these same reasons, defendants argue that plaintiff's claims should be dismissed on the basis of laches, given that plaintiff waited nearly two years to sue them for conduct that occurred six years earlier. Defendants also argue that plaintiff's claims against them should be dismissed, because no Title VII action was invoked against them. Further, argue defendants, they do not employ more than 15 employees, and therefore, Title VII does not apply to them. The only way to sue these two defendants, it is argued, is through the successor liability theory.

      The court has carefully reviewed the record, motion, briefs, affidavits and relevant law in this case. The court views the allegations made in the complaint as true for purposes of this motion, with particular scrutiny on the issue of subject matter jurisdiction. The court finds that whether Kids Ark and Life Changers are successor companies is a decision that must be made at a later date. As set forth above, the plaintiff has met her

burden of establishing sufficient facts to allege subject matter jurisdiction, based on a theory of successor liability. The court will instruct the magistrate to progress this case, so as to expedite discovery relating to subject matter jurisdiction.  The parties are free, if appropriate, to file a motion for summary judgment at the close of discovery.

THEREFORE, IT IS ORDERED THAT:

1. Defendants' motions to dismiss, Filing Nos. 34 and 35, are denied; and

2. The magistrate is instructed to expedite discovery relating to subject matter jurisdiction in this case.

DATED this 7th day of May, 2007.

BY THE COURT:


s/Joseph F. Bataillon
Chief United States District Judge