IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGELA PRINCE, | ) | |
| | ) | 8:05CV308 |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| KIDS ARK LEARNING CENTER LLC, | ) | |
| and LIFE CHANGERS ACADEMY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court following a scheduled pretrial conference with counsel on March 19, 2008. The plaintiff was represented by Aaron F. Smeall and the defendants were represented by Brenda J. Council. Neither party was prepared to finalize a pretrial order and both sides were remiss in their discovery obligations. As neither side was prepared to proceed to trial, the court will reprogress this matter giving both sides a final opportunity to prepare for trial. During the conference, the plaintiff orally moved to dismiss Caring Hearts Child Care & Learning Place, LLC, as a defendant in this matter. Defendants Kids Ark Learning Center LLC and Life Changes Academy LLC had no objection to the motion.

**IT IS ORDERED:**

The plaintiff's motion to dismiss the amended complaint as to defendant Caring Hearts Child Care & Learning Place, LLC is granted. The complaint is dismissed without prejudice as to Caring Hearts Child Care & Learning Place, LLC.

**IT IS FURTHER ORDERED:**

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **June 6, 2008**. **See** NECivR 56.1 and 7.1.

2. **Discovery Deadlines.**

    a. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **September 15, 2008.**

  **b.** **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before the deposition deadline. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; any request to extend the deadlines of this order shall be sought by motion.

  **c.** **Discovery Motions.** Discovery motions shall be filed not later than **July 1, 2008**, as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.1(i).

 3. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

  **a.** **Witnesses - On or before August 1, 2008:** The name, address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

  **b.** **Deposition Testimony and Discovery -** In accordance with NEGenR 1.1(c), unless otherwise ordered, the requirement of NECivR 16.2(a)(2)(F), of designating discovery intended to be utilized at trial, is suspended for this case; motions to require such designations may be filed not later than fifteen days prior to the deposition deadline.

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties

        **c.**        **Trial Exhibits - On or before September 3, 2008:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**Waiver of Objections**:  Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

    4.    **Motions in Limine.**  Any motions *in limine* shall be filed on or before **September 10, 2008**.

    5.    **The Final Pretrial Conference** with the undersigned magistrate judge is set for **October 17, 2008, at 2:30 p.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter.  The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

    6.    **Trial** is set to commence, at the court's call, during the week of **November 17, 2008**, in Omaha, Nebraska, before the Honorable Joseph F. Bataillon and a jury.  Unless otherwise ordered, jury selection shall be at the commencement of trial.

---

[2] Except as noted above in Paragraph 4(b).  Again, all personal information should be redacted from the public version of the order and/or attachments filed with the clerk.

7.  **Motions to alter dates.**  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 19th day of March, 2008.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge