IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGELA PRINCE, | ) | 8:05CV308 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| KIDS ARK LEARNING CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) or in the Alternative, Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), Filing No. 85. This is an action for discrimination in employment under 42 U.S.C. § 2000e (Title VII).

The original complaint in this case was filed against two daycare centers, Caring Hearts Child Care (Caring Hearts) and Johnson's Christian Daycare (Johnson's) and two individual defendants—Francis Johnson and Gary Johnson. Filing No. 1. The court dismissed both individual defendants. Filing No. 28, Order. Plaintiff later filed an amended complaint naming defendants Life Changers Academy and Kids Ark Learning Center, LLC. Filing No. 29, Amended Complaint. Those defendants moved to dismiss, based, *inter alia*, on the contention that they were not successors in interest to the original defendants. Filing Nos. 34 and 35, Motions to Dismiss. The court reserved ruling on the successor liability issue, pending development of the case. Filing No. 41, Memorandum and Order at 5. No motions for summary judgment were filed.

The case proceeded to trial and was tried from November 18, 2008, to November 21, 2008. During the trial, the claim against Life Changers Academy was dismissed on plaintiff's motion for judgment as a matter of law. Filing No. 66, Minutes. At the close of

the plaintiff's case, and again at the close of evidence, defendant Kids Ark moved for judgment as a matter of law on the successor liability issue. The court reserved ruling on the issue, and submitted the issues of liability and damages to the jury.

The jury returned a verdict in favor of the plaintiff. Filing No. 75, Jury Verdict (Special Interrogatories). The court accepted the jury's verdict, but withheld entry of judgment. Filing No. 68, minute entry. Thereafter, the court sustained the defendant's motion for judgment as a matter of law. Filing No. 84, Judgment. For reasons stated on the record, the court found in favor of the defendant under the principles announced in *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091 (6th Cir. 1974). Accordingly, the court entered a judgment dismissing the plaintiff's claim. Filing No. 84. In her motion to amend the judgment, the plaintiff argues that the nine-factor test articulated in *MacMillan Bloedel* is inapposite and has been abrogated in *Cobb v. Contract Transport, Inc.*, 452 F.3d 543 (6th Cir. 2006).

A motion for a new trial or amendment of judgment under Fed R. Civ. P. 59 serves the limited function of allowing a court to correct manifest errors of law or fact or allowing a party to present newly discovered evidence. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 934-35 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* Rule 59(e) "provides a means 'to support reconsideration [by the court] of matters properly encompassed in a decision on the merits.'" *Leonard v. Dorsey and Whitney, LLP*, 553 F.3d 609, 620 (8th Cir. 2009). Under rule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself. *Id.* Under Rule 60, relief from judgment

2

is available under the catch-all provision of the rule, Fed. R. Civ. P. 60(b)(6), "'only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007) (*quoting Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

Applying those standards, the court stands by its earlier ruling.   Under the case cited by the plaintiff in support of her position*, Cobb v. Contract Transport,* 452 F.3d at 551-52, successor liability is imposed if the court determines that it would be equitable to impose such liability considering:  1) the defendant's interest, 2) the plaintiff's interest, and 3) the federal policy embodied in the relevant statutes in light of the particular facts of the case and the particular duty at issue. *Id.* at 551-52 (noting that "[u]nder federal law, with respect to [Family and Medical Leave Act] and Title VII cases, an equitable, policy-driven approach is applied to successor liability that has little connection to the concept of successor liability in corporate law."). In that case, the Sixth Circuit Court of Appeals noted that the "[t]he nine-factors listed in *MacMillan* and subsequently adopted in 29 C.F.R. § 825.107, are not in themselves the test for successor liability," but are "simply factors courts have considered when applying the three prong balancing approach, considering the defendant's interests, the plaintiff's interests, and federal policy." *Id.* at 554.  "The ultimate inquiry always remains whether the imposition of the particular legal obligation at issue would be equitable and in keeping with federal policy." *Id.*  The court also rejected the proposition that a sale or transfer of assets is a precondition to the imposition of successor liability. *Id.* at 556.  That holding does not abrogate *MacMillan Bloedel*.

3

The Eighth Circuit Court of Appeals has endorsed the *MacMillan Bloedel* nine-factor test to determine successor liability. *Lieb v. Georgia Pacific Corp.*, 925 F.2d 240, 247 (8th Cir. 1991) (emphasizing case-by-case approach); *Smegal v. Gateway Foods of Minneapolis, Inc.*, 819 F.2d 191, 194 (8th Cir. 1987) (involving enforcement of collective bargaining agreement). These factors are: (1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product. *See, e.g., Musikiwamba v. ESSI*, Inc., 760 F.2d 740, 750 (7th Cir.1985) (paraphrasing *MacMillan*). *Lieb v. Georgia-Pacific Corp.*, 925 F.2d at 247 (citing *MacMillan*).

Other courts follow essentially the same principles. Generally, "there are 'three principal factors' applicable to finding successor liability in employment discrimination cases: '(1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor employer of its predecessor's legal obligations; and (3) ability of the predecessor to provide adequate relief directly.'" *Austin v. Norfolk Southern Corp.*, 158 Fed. App'x 374 (3d Cir. 2005) (*quoting Rego v. ARC Water Treatment Co. of Pa.*, 181 F.3d 396, 402 (3d Cir.1999)); *see also Rojas v. TK Communications, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996) (applying nine-factor test and stating that in the context

of employment discrimination, the doctrine of successor liability generally applies where the assets of the defendant employer are transferred to another entity).  The successor liability doctrine allows an aggrieved employee to enforce against a successor employer a claim or judgment he could have enforced against the predecessor.  *See Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985) (involving successor liability under 42 U.S.C. § 1981).  The doctrine is derived from equitable principles, and fairness is the prime consideration in application of the doctrine.  *See Criswell v. Delta Air Lines, Inc.*, 868 F.2d 1093, 1094 (9th Cir. 1989) (involving successor liability under the ADEA).  The policy underlying the doctrine is "to protect an employee when the ownership of his employer suddenly changes."  *Rojas*, 87 F.3d at 750.

The court finds that the plaintiff's position is without merit.  The holding of the Sixth Circuit Court of Appeals in *Cobb* is not at odds with this court's findings on the successor liability issue.  For the reasons stated on the record, the court finds that the plaintiff cannot establish successor liability.  Accordingly, plaintiff's motion to amend the judgment or alternatively for relief from judgment, will be denied.

IT IS ORDERED that plaintiff's motion to alter or amend the judgment (Filing No. 85) is denied.

DATED this 30th day of March, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Judge